UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHANDRASIRI G. MUDUN KOTUWAGE,
individually and on behalf of all others similarly
situated,

                    Plaintiff,                         **REPORT AND RECOMMENDATION**

    -against-                                      15-CV-4374 (FB) (ST)

NSS PETROLEUM INC., AMRIK S. DHILLON,
and NIRMAL SINGH, jointly and severally,

                    Defendants.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Plaintiff Chandrasiri G. Mudun Kotuwage ("Kotuwage") moves this Court to award attorneys' fees and costs. Notice of Motion for Costs and Attorney's Fees, ECF No. 62. In this case brought pursuant to the Fair Labor Standards Act and the New York Labor Law, the Court previously recommended that Plaintiff be granted default judgment against Defendant Amrik S. Dhillon ("Dhillon"). *See* Report and Recommendation, ECF No. 60. The District Court adopted this Report and Recommendation on March 7, 2018. *See* Memorandum and Order, ECF No. 64.

      For the reasons set forth below, the Court recommends that Plaintiff's Motion for Costs and Attorney's Fees be granted in part and that Plaintiff's attorneys be awarded a total of $5,732.64.

## DISCUSSION

      Plaintiff's counsel seeks reasonable attorneys' fees, which, as the prevailing party, he is entitled to recover under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. § 663(1). District courts have broad discretion to determine the amount of attorneys' fees awarded. *See, e.g., Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 WL 6585810, at *18

(E.D.N.Y. Sept. 30, 2016). Courts calculate appropriate attorneys' fees using the lodestar method, which requires the court to multiply the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). This lodestar may be adjusted based on the circumstances of the case. *Id.* at 167. In order for the movant to establish the amount of work an attorney reasonably spent on a case, he "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (alterations in original) (internal quotation marks and citation omitted).

An attorney's reasonable hourly rate is the rate a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). The Second Circuit and various district courts have identified case-specific variables relevant in setting a reasonable hourly rate, considering whether the rates requested are proportional to fees awarded to other attorneys performing similar services with comparable skill, expertise and reputation. *Id.* at 190; *Mahoney*, 2016 WL 6585810, at *19. In recent years, decisions in this District have determined reasonable hourly rates in FLSA cases to be "approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-80 for legal support staff." *Id.* (quoting *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, 12-CV-5737 (ILG) (JMA), 2014 WL 4954629, at *9 (E.D.N.Y. Sep. 15, 2014)).

In this case, Plaintiff requests fees for the work of a senior associate and a junior associate, in addition to costs. *See* Affirmation in Support of Motion for Costs and Attorney's Fees ("Affirmation"), ECF No. 63. The senior associate graduated from law school in 2010 and has

worked as an attorney specializing in wage-and-hour law since that time. Affirmation ¶ 5. The junior associate graduated from law school in 2013, although Plaintiff does not make clear his total work experience or level of specialization. *Id.*

Plaintiff has limited his request for attorneys' fees only to work performed by his attorneys in connection with his claims against Dhillon, noting that the Motion for Default Judgment was granted only as to Dhillon. Affirmation ¶ 12. Plaintiff has attached a Timesheet, ECF No. 63-1, and a Table of Costs, ECF No. 63-2, in support of this request. The hours Plaintiff's attorneys spent in connection with his claims against Dhillon are highlighted on the Timesheet. *See* ECF No. 63-1.

Plaintiff asserts that the senior associate spent 19.5 hours on the claims against Dhillon and the junior associate spent 11.4 hours. *Id*. The entries highlighted on the Timesheet do reflect that the junior associate spent 11.4 hours on these claims, but they only reflect *9.5* hours spent by the senior associate, not 19.5. *See* ECF No. 63-1. Because the Timesheet only provides a record of 9.5 hours spent by the senior associate on the claims against Dhillon, the Court cannot find that the senior associate worked on these claims for more than this amount of time. *See Marion S. Mishkin Law Office*, 767 F.3d at 148.

As such, the records submitted reflect that the two attorneys in this case spent a total of 20.9 hours on the claims against Dhillon. This is a reasonable number of hours for this case. *See, e.g., Apolinar v. Global Deli & Grocery, Inc.*, No. 12-CV-3446 (RJD) (VMS), 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013) (approving 44.93 hours as reasonable in FLSA default action for two plaintiffs).

Plaintiff requests fees at a rate of $300 per hour for the senior associate, and $250 per hour for the junior associate. Affirmation ¶¶ 7-8. Plaintiff cites cases indicating that, between 2015 and

2017, the senior associate's reasonable rate in this District has been found to be between $225 and $300 per hour, and the junior associate's between $175 and $250. *Id.* The Court finds that the senior associate's requested fee is reasonable but that the junior associate's is slightly high, given that the majority of the hours billed by the junior associate apparently occurred when he had no more than two years of post-law school experience. *See* Affirmation ¶ 5 (indicating that junior associate "graduated law school in 2013"); Timesheet, ECF No. 63-1 at 1 (indicating that junior associate billed 7.6 hours in this case in the year 2015). The Court finds that the reasonable rate for the junior associate is $200 per hour, which is at the high end of the normal range for junior associates in wage-and-hour cases. *See Mahoney*, 2016 WL 6585810, at *19.

As such, the Court finds that the reasonable award for the senior associate's time is $2,850 ($300 * 9.5) and for the junior associate's time is $2,280 ($200 * 11.4). The Court recommends granting a total award of attorneys' fees in the amount of **$5,130**.

Plaintiff is also entitled to recover reasonable costs under the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016). Plaintiff affirms that his costs relating to Defendant Dhillon total $602.64, which consist of $400 for the court filing fee, $185 for service of process, $5 for investigative database searches and reports, $10.44 for mailing costs, and $2.20 for case record fees. *See* Affirmation ¶ 14; Table of Costs, ECF No. 63-2. The Court finds these costs reasonable and recommends awarding costs in the amount of **$602.64**.

## CONCLUSION

For the reasons set forth above, this Court recommends awarding $5,130 in attorneys' fees and $602.64 in costs, for a total award of **$5,732.64**.

Plaintiff's attorney is hereby ordered to mail a copy of this Report and Recommendation to Defendant Dhillon's last known address and to file proof of mailing with the Court within ten (10) days of today's date.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

                                                             /s/
                                           Steven L. Tiscione
                                           United States Magistrate Judge
                                           Eastern District of New York

Dated: Brooklyn, New York
         March 6, 2019